

|  | **THE CITY OF NEW YORK** | |
|---|---|---|
| *Muriel Goode-Trufant*<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **SONYA GIDUMAL CHAZIN**<br>Senior Counsel<br>Labor & Employment Law Division<br>(212) 356-0890<br>schazin@law.nyc.gov |

December 15, 2025

**By ECF**
Honorable Orelia E. Merchant
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Juszczak v. New York City Department of Education, et al.*
              No. 25-cv-00850-OEM-CHK

Dear Judge Merchant:

      I am an Assistant Corporation Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants City of New York in the above-referenced putative class action. I write pursuant to Section 3B of Your Honor's Individual Rules and Practices to respectfully request a pre-motion conference and to set forth the grounds for Defendants' anticipated motion to dismiss the Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6).

      Plaintiff Helena Juszczak ("Plaintiff"), a paraprofessional formerly employed by the New York City Department of Education ("DOE"), commenced this action pro se against DOE and the City of New York ("City") (collectively, "Defendants") on February 11, 2025. Plaintiff then filed her FAC on October 15, 2025. Plaintiff alleges in her FAC that Defendants violated her First, Fifth, and Fourteenth Amendment rights to the United States Constitution. Plaintiff also alleges that Defendants violated her rights under the New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("CHRL"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983 ("1983"), and Education Law § 3020-a.

      **A. Background**

      On August 24, 2021, former Mayor Bill de Blasio and Dr. Dave Chokshi, then Commissioner of the DOHMH, announced that DOE employees would be subject to a Vaccine Mandate. See COVID-19 Vaccine Mandate applicable to DOE employees at https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-2.pdf (last accessed on December 15, 2025). Under this policy, DOE employees were required to

submit proof to DOE, by September 27, 2021, that they were fully vaccinated against COVID-19; or had received a single-dose vaccine or the second dose of a two-dose vaccine; or had received the first dose of a two-dose vaccine, with the additional requirement to provide proof of the second dose thereafter. *Id.* On September 1, 2021, the United Federation of Teachers ("UFT") filed a Declaration of Impasse with the Public Employment Relations Board ("PERB") over the impact of the Vaccine Mandate. PERB then appointed an arbitrator, and several days of mediation sessions were held. On September 10, 2021, the arbitrator issued a decision ("Arbitration Agreement"). This Arbitration Agreement set out a process for exemptions and held that the vaccine was a condition of employment. Subsequently, the Second Circuit has unequivocally held that the Vaccine Mandate was a valid, lawful "condition of employment" for DOE employees such as Plaintiff, as well as for employees of City agencies. *See New Yorkers for Religious Liberty Inc. v. City of New York,* 121 F.4th 448, 459 (2d Cir. 2024).

### B. Plaintiff Failed to State a Claim

Plaintiff failed to state a claim under any law, and the Complaint should be dismissed. Regarding Plaintiff's constitutional claims, her Equal Protection claim attacks the appeal process set forth by the Arbitration Agreement. The Second Circuit has held that "the Due Process Clause of the Fourteenth Amendment is not violated even when a state employer intentionally deprives an individual of property or liberty, so long as the State provides a meaningful post[-]deprivation remedy." *Hellenic Am. Neighborhood Action Comm*, 101 F.3d at 880. Here, the post-deprivation procedures available to Plaintiff clearly satisfy the constitutional minimum. Plaintiff's Free Exercise claim, fails because the Second Circuit has already upheld this and similar COVID-19 vaccine mandates against Free Exercise challenges. *Kane*, 19 F.4th at 163-67; *We the Patriots USA, Inc.*, 17 F.4th at 290, *opinion clarified*, 17 F.4th 368. In fact, the Second Circuit and a District Judge have already held that the City's vaccine mandate that applied to Plaintiff does not violate the First Amendment, which would eliminate Plaintiff's Establishment Clause claims, as well. *Kane v. De Blasio*, 623 F. Supp. 3d 339 (S.D.N.Y. 2022); *Kane*, 19 F.4th at 163-67 (rejecting facial First Amendment challenges to the vaccine mandate); *We the Patriots USA, Inc.*, 17 F.4th at 353-59. Thus, Plaintiff has failed to state a Constitutional claim.

As to Plaintiff's remaining Title VII, SHRL, and CHRL claims, Plaintiff failed to allege that that an inference of discrimination underpins any of the actions taken against her. *White v. Andy Frain Servs.*, 629 F. App'x 131, 133 (2d Cir. 2015). Plaintiff does not allege facts showing the specific governmental decisions that underpin her claims were "because of" any alleged discriminatory animus toward her religion. *Id.* Thus, Plaintiff failed to state a claim for employment discrimination under any law.

### C. Plaintiff Should Have Filed her Injunctive Claims as an Article 78, and These Claims are Time-Barred

Plaintiff's claims for injunctive relief seeking reinstatement essentially boils down to challenges to the decision denying her exemption requests, which is a decision by a government agency. A challenge to a decision by a governmental body must be pursued in New York State court in a special proceeding pursuant to Article 78 of the Civil Practice Law and Rules ("CPLR"). CPLR §§ 7801, 7803; *Kern v. Joyce*, 857 F. App'x 691, 693 (2d Cir. 2021) (citations omitted) *Campagna v NY City Police Dept.*, ___AD3d___, 218 NYS3d 331, 2024 NY Slip Op 05046 (2024). Article 78 claims must be filed within four months of when the decision becomes final and

binding upon the challenger. CPLR § 217(1); *Damino v. City of New York*, 332 F. App'x 679, 682 (2d Cir. 2009) (citing CPLR § 217). Here, Plaintiff alleges that she was terminated on February 11, 2022.  *See* FAC ¶ 25.  ECF No.23. Thus, the statute of limitations expired on June 11, 2022. *Damino*, 332 F. App'x at 682.

Plaintiff commenced this action on February 11, 2025. ECF No. 1, and filed her FAC on October 15, 2025 ECF No. 23. Though Plaintiff alleges she was terminated on February 11, 2022, her RA appeal was denied on September 23, 2021. See, *See* FAC ¶ 22.  The denial of Plaintiff's RA Request, which Plaintiff challenges here and which controls for statute of limitations purposes, falls outside of the three-year window in which Plaintiff was required to seek judicial intervention.  Plaintiff was required to file her Complaint by September 23, 2024, with respect to any claims predicated on the denial of her RA Request. Thus, this Complaint is time-barred.

### D.  Plaintiff Failed to Timely Exhaust Their Administrative Remedies

The Complaint must be dismissed because Plaintiff failed to exhaust her administrative remedies. A plaintiff cannot pursue a Title VII action without first exhausting her administrative remedies, including filing a charge with the EEOC within 300 days of the discriminatory act, and filing an action within 90 days of receipt of a Right to Sue letter. *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015). Plaintiff fails to allege that she filed charges of discrimination with the EEOC, and fails to allege that she received RTS letters from the EEOC, warranting dismissal of her Title VII claims on those grounds alone. *See FAC, generally*.

### E.  Plaintiff did not file a Notice of Claim

A plaintiff asserting employment discrimination claims against a school district must comply with the notice of claim requirements in Section 3813 of the NY Educ. Law, which provides for the filing of a Notice of Claim. *See Bacchus v. New York City Dep't of Educ.*, 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015).  Here, Plaintiff fails to allege any facts suggesting that she filed the requisite notice of claim within three months of the accrual of her claims. As such, Plaintiff's claims against DOE must be dismissed.

Accordingly, Defendants respectfully request a pre-motion conference to discuss their proposed motion to dismiss. Additionally, Defendants request a stay of discovery pending the disposition of their motion to dismiss the Complaint. *See Farzan v. Bridgewater Assocs., LP*, 699 F. App'x 57, 58 (2d Cir. 2017) (quoting *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004)).

Thank you for the Court's consideration of this request.

Respectfully Submitted,

*SJChazin*

Sonya Gidumal Chazin
Assistant Corporation Counsel

cc:   Helena Juszczak via Email (helenaj7@gmail.com)